**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-11360
Summary Calendar

---

DOUGLAS R. LOVING,

               Plaintiff-Appellant,

versus

CHARLIE HANSFORD; HUROWIC WALKER;
NFN ANDERSON, Warden; NFN MOONYHAM,
Assistant Warden; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-INSTITUTIONAL DIVISION;
WINDHAM SCHOOL DISTRICT/TEXAS DEPARTMENT
OF CRIMINAL JUSTICE; ROACH UNIT PRISON;
NFN SEHORN, Mailroom Supervisor,

               Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-156

---

March 1, 2002

Before JOLLY, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

 Douglas R. Loving, Texas prisoner #611599, appeals the district court's dismissal of his

42 U.S.C. § 1983 civil rights action as frivolous and for failure to state a claim pursuant to 28

U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). Loving contends that the district court erred in

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion for leave to amend his complaint and in dismissing his claims against Anderson and Sehorn.

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Loving was therefore entitled to amend his complaint without leave of court, and the magistrate judge ("MJ") erred in denying his motion to amend. This error, however, was harmless, as Loving's motion to amend sought not to modify or supplement his allegations, but only to provide exhibits supporting his original complaint. The MJ's consideration of those exhibits in formulating his report and recommendation effectively provided Loving the action requested in his motion to amend.

Loving has failed to argue on appeal, and has thus abandoned, his claims against all defendants other than Sehorn and Anderson. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). With respect to his claims against Sehorn and Anderson, an allegation that the defendants violated a prison rule, without more, is insufficient to set forth a claim of a constitutional violation. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). The district court thus did not err in dismissing Loving's 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. The judgment is AFFIRMED.